**]IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**LEWIS JOSH BARBARREE**                                       **PETITIONER**

**v.**                                       **CIVIL ACTION NO. 3:23-cv-97-KHJ-MTP**

**WARDEN, FEDERAL CORRECTIONAL
INSTITUTION-YAZOO CITY**                                      **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Petitioner's Motion for Default Judgment [14]. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Motion for Default Judgment [14] and the Petition [1] be denied.

## BACKGROUND

According to Petitioner, on January 14, 2010, he was sentenced in the United States District Court for the Middle District of Florida for conspiracy to possess with intent to distribute fifty or more grams of methamphetamine. On February 6, 2023, Petitioner—while incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City")—filed the present action under 28 U.S.C. § 2241 arguing that the Federal Bureau of Prisons ("BOP") has denied him the appropriate Prisoner Assessment Tool Targeting Estimated Risks and Needs ("PATTERN") risk and recidivism score and has prevented him from receiving the appropriate First Step Act time credits for programs he has completed.

On May 25, 2023, Respondents filed a Response [10] arguing, *inter alia*, that the Petition [1] should be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing this action. Petitioner filed a Reply [11] on June 2, 2023, and submitted additional argument and exhibits on June 7, 2023, and September 14, 2023. *See* [12] [13].

1

Then, on December 11, 2023, Petitioner filed a Motion for Default Judgment [14] again submitting additional argument and exhibits in support of his Petition [1]. Respondent file a Response [15] on December 22, 2023, and Petitioner filed a Reply [16] on January 4, 2024.

**ANALYSIS**

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the BOP. *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008). There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Respondent, citing 28 C.F.R. § 542.10 *et seq*., points out that the BOP has a multi-step administrative process for resolving prisoner complaints. Initially, an inmate must attempt to informally resolve the complaint with staff. Thereafter, the inmate must submit a request for administrative remedy to the warden. If the inmate is dissatisfied with the warden's response, he may appeal to the Regional Director. If the inmate remains dissatisfied, he may proceed to the

final step of the grievance process, an appeal to the BOP's Office of General Counsel. *See* C.F.R. §§ 542.13-542.15.

Respondent submitted a declaration from Michael FiggsGanter, an attorney advisor at FCC Yazoo City, stating that as of May 8, 2023, none of Petitioner's five administrative remedies requests of record concerned First Step Act time credit or his PATTERN risk recidivism score. *See* [10-1] at 2.

For his part, Petitioner asserts that on December 22, 2022, he submitted an informal request, or "BP-8," concerning his time credits and programs. *See* [4] at 1. According to Petitioner, after receiving no response to his informal request, he submitted a request for administrative remedies, or "BP-9," on January 26, 2023. *See* [4] at 1. The exhibits filed by Petitioner confirm that he submitted such a request on January 26, 2023. *See* [4-1] at 3.

Petitioner, without waiting for a response to the request for administrative remedies, filed his habeas petition on February 6, 2023.

Thereafter, the administrative remedy coordinator sent Petitioner a notice dated February 16, 2023, informing him that his request had been rejected for the following reason: "You did not attempt informal resolution prior to submission of administrative remedy, or you did not provide the necessary evidence of your attempt at informal resolution." *See* [4-1] at 2. The notice also informed Petitioner that he could resubmit his request in the proper form within five days of the notice. *See* [4-1] at 2. Petitioner asserts that he did not receive the notice until March 8, 2023. *See* [4-1] at 2.

On June 2, 2023—after Respondent filed his Response [10] arguing that Petitioner failed to exhaust his administrative remedies—Petitioner reinitiated the administrative remedies process by submitting a request for informal resolution to which a correctional counselor

responded. *See* [13] at 3.  Unsatisfied with the response, Petitioner submitted a request for administrative remedies on June 8, 2023. *See* [13] at 6.  On July 17, 2023, the Warden responded by stating that "inmates with high or medium pattern recidivism risk levels must demonstrate a good faith effort to lower their recidivism risk by: Maintaining clear conduct for at least three years from the date of request.  Based on your last Incident Report dated October 8, 2020, you are not eligible at this current time.  Although you are FTC Eligible…, you are unable to have your FSA credits applied due to your medium risk recidivism level." *See* [13] at 7.  On July 28, 2023, Petitioner appealed the Warden's decision to the Regional Director, and on September 13, 2023, Petitioner submitted his appeal to the BOP's central office. *See* [13] at 8-9.  In his latest Reply [16], Petitioner asserts that the administrative remedies process has now been completed. *See* [16] at 1.[1]

      Although Petitioner may have *now* exhausted his administrative remedies, Petitioner was required to exhaust his administrative remedies prior to filing his habeas petition. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *Cartwright v. Outlaw*, 293 Fed. App'x. 324 (5th Cir. 2008).  Petitioner admits that he did not exhaust the administrative process prior to filing his habeas petition, but he asserts that exhaustion was not required because it would have been futile to continue the administrative remedies process before filing his habeas petition.

      Petitioner complains about the delays in responding to his requests and states that "I submitted a BP-9, but knowing that I would receive the same results I filed 2241 with the courts." *See* [11] at 2.  The fact that it takes time to exhaust administrative remedies did not excuse Petitioner from completing the process.  The Supreme Court noted that while exhaustion

---

[1] The undersigned notes that Petitioner did not submit any response from the BOP's central office.

of remedies may take time, "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973). "Furthermore, the fact that petitioner believes his appeals would be denied or not responded to is not sufficient to establish the extraordinary circumstances required to excuse exhaustion." *Mercado-Pedroza v. Warden*, 2018 WL 1310008, *3 (E.D. Tex. Feb. 13, 2018).

Additionally, the fact that Petitioner did, as he asserts, complete the administrative remedies process after filing his habeas petition "demonstrates that the review process was not 'unavailable,' 'inappropriate,' or 'patently futile.'" *Cartwright*, 293 Fed. App'x at 324 (citing *Fuller*, 11 F.3d at 62); *see also Rutledge v. Hawkins*, 2023 WL 5435872, at *3 (S.D. Tex. Aug. 22, 2023) ("To the contrary, her filings demonstrate that she was able to access and pursue the administrative remedy process to completion after filing her suit, thus showing that administrative review was not unavailable or futile.").

This action should be dismissed because Petitioner failed to exhaust administrative remedies prior to filing this action and because he has failed to show that extraordinary circumstances rendered administrative remedies unavailable or inappropriate.

As previously mentioned, Petitioner filed a Motion for Default Judgment [14], but neither the Motion [14] nor the record support a default judgment. In fact, Petitioner makes no argument that Respondent defaulted. Instead, Petitioner used the Motion [14] to support the merits of his petition and to argue against dismissal based on his failure to exhaust administrative remedies. As explained above, however, this action should be dismissed for Petitioner's failure to exhaust administrative remedies.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that:

5

1. Petitioner's Motion for Default Judgment [14] be DENIED;

2. the Petition for Writ of Habeas Corpus [1] be DENIED; and

3. this action be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 11th day of January, 2024.

s/ Michael T. Parker<br>
United States Magistrate Judge