UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LEWIS JOSH BARBARREE                                                    PETITIONER

V.                                          CIVIL ACTION NO. 3:23-CV-97-KHJ-MTP

WARDEN, FEDERAL CORRECTIONAL                              RESPONDENT
INSTITUTION-YAZOO CITY

ORDER

Before the Court is the [17] Report and Recommendation of United States Magistrate Judge Michael T. Parker. The Report recommends denying Petitioner Lewis Josh Barbarree's [14] Motion for Default Judgment and [1] Petition for Writ of Habeas Corpus. [17] at 1. The Report also recommends dismissing the action without prejudice. *Id.* at 6. Written objections to the Report were due by January 25, 2024. *See id.* The Report notified the parties that failure to timely file written objections would "bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court." *Id.* (citation omitted).

When no party objects to a Magistrate Judge's report, the Court need not review it de novo. *See* 28 U.S.C. § 636(b)(1). Instead, the Court can apply the clearly erroneous, abuse-of-discretion, and contrary-to-law standard of review. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

In January 2010, the United States District Court for the Middle District of Florida sentenced Barbarree for conspiracy to possess with intent to distribute 50 or

more grams of methamphetamine. [17] at 1. On February 6, 2023, Barbarree—while incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi—filed a [1] Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. [17] at 1. He alleges that the Federal Bureau of Prisons (BOP), by denying him the appropriate PATTERN risk and recidivism score, has prevented him from receiving time credits under the First Step Act for programs he has completed while incarcerated. [1] at 6–7.[1] Additionally, on December 11, 2023, Barbarree moved for default judgment. [14]. Respondents filed timely responses to the petition and motion for default judgment. [10]; [15]. Barbarree filed replies to each response. [11]; [16].

In his Report, the Magistrate Judge reviewed the multi-step administrative process for resolving prisoner complaints and recommended that the Court deny Barbarree's petition because he failed to exhaust administrative remedies before filing his petition and because no extraordinary circumstances made doing so unavailable or inappropriate. *See* [17] at 2–5. Because Barbarree made no argument that Respondent defaulted, the Magistrate Judge also recommended that the Court deny his [14] Motion for Default Judgment. [17] at 5. For these reasons, the Magistrate Judge recommended that the Court dismiss this action without prejudice. *Id.* at 6.

Barbarree did not object to the Report, and the time to do so has passed. The Court finds that the Report is not clearly erroneous or contrary to law. So the Court

---

[1] Under the First Step Act, the BOP designed the PATTERN tool to determine the recidivism risk of each incarcerated person, their specific programming needs based on that assessed risk, and their classification according to their risk for recidivism. *See* 18 U.S.C. § 3632(a).

2

adopts the [17] Report and Recommendation of United States Magistrate Judge Michael T. Parker as the findings of this Court.

The Court thus DENIES Barbarree's [1] Petition for Writ of Habeas Corpus and [14] Motion for Default Judgment. The Court DISMISSES the case without prejudice. The Court will issue a separate final judgment.

SO ORDERED, this 30th day of January, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE